IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEROME SHAW, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL NO. 2:15-CV-363 |
| | § | |
| JAGUAR HYDROSTATIC TESTING, LLC, | § § § | |
| | § | |
| Defendant. | § | |

# ORDER

The Court has before it Defendant Jaguar Hydrostatic Testing, LLC's ("Jaguar") Motion to Dismiss Plaintiff Joe Silos ("Silos") (hereinafter the "Motion"). *See* Dkt. No. 34. Jaguar seeks to dismiss Silos with prejudice.

Silos opted into this collective action lawsuit on December 1, 2015. Dkt. No. 10. Jaguar represents that Silos and the other Plaintiffs to the suit agreed to be present for depositions between January 21–22, 2016. *Id.* at 1 (attaching Notice of Defendant Jaguar Hydrostatic Testing, LLC of Intention to Conduct the Oral and Video Deposition of Plaintiff Joe Derrick Silos, attached to Jaguar's Motion as Exhibit A). The parties determined on or around January 19, 2016, that Silos was unable to attend his deposition because he was sent to North Dakota by his current employer on a thirty-day assignment. *Id.* (citing Dkt. No. 17). Jaguar represents that the parties agreed to pass Silos's deposition in order to protect his employment, but also agreed that his deposition is necessary in order for Jaguar to completely respond to Plaintiffs' Motion for Conditional Certification. *Id.* (citing Dkt. No. 17 at 1). As such, the parties stated in an Agreed Motion to the Court that they would work together to reschedule Silos's deposition. *Id.* (citing Dkt. No. 17 at 2).

Jaguar represents that Counsel for both parties worked for over three months to schedule Silos's deposition, but Silos repeatedly refused to provide Jaguar with deposition dates. *Id.* (citing Dkt. No. 23).

On May 13, 2016, Jaguar again requested deposition dates for Silos for the week of June 6, 2016. *Id.* (citing May 13, 2016 Correspondence to [Plaintiffs' counsel] Josef Buenker, attached to Jaguar's Motion as Exhibit B).

On May 19, 2016, in accordance with conversations between counsel, Jaguar issued an amended deposition notice to Plaintiffs' counsel indicating that Silos's deposition would take place on Tuesday, June 7, 2016. *Id.* (citing Amended Notice of Intention to Conduct Oral and Videotaped Deposition of Joe Derrick Silos, attached to Jaguar's Motion as Exhibit C). Silos yet again failed to appear for his deposition on June 7, 2016. *Id.* (citing Certificate of Non-Attendance to the Deposition of Joe Silos, attached to Jaguar's Motion as Exhibit D).

As a result of these failures to appear, Jaguar moves to dismiss Silos from the current suit. Plaintiffs have not responded to Jaguar's motion. "Failure to respond will be taken as a representation of no opposition." S.D. TEX. LOCAL RULE 7.4.

Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b); *see Dorsey v. Scott Wetzel Servs.*, 84 F.3d 170, 171 (5th Cir. 1996) ("Rule 41(b) authorizes a district court to dismiss with prejudice an action for want of prosecution by the plaintiff." (quoting *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987))). In reviewing a district court's decision to dismiss under Rule 41(b), the Fifth Circuit will reverse only if we find an abuse of discretion. *Id.* Rule 41(b) dismissals with prejudice will be affirmed where there is "a clear record of delay or contumacious conduct by the plaintiff, . . . and where lesser sanctions would not serve the best interest of justice." *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987) (internal citations and quotations omitted).

The Court finds that Silos has not abided by the Federal Rules of Civil Procedure with respect to discovery, this Court's Scheduling Order with respect to depositions, and this Court's Order allowing the parties to arrange for Silos's and other Plaintiffs' depositions. The Court also finds that Plaintiffs are unopposed to

Jaguar's motion. *See* S.D. TEX. LOCAL RULE 7.4. Accordingly, dismissal is warranted.

For the reasons set forth above, this Court **DISMISSES** Silos's claims against Jaguar with prejudice. The Court further **DIRECTS** the Clerk of Court to remove Silos as a named Plaintiff in the above-captioned case.

SIGNED this 19th day of September, 2017.

_____
Hilda Tagle
Senior United States District Judge